HOOD, Judge.
This is a highway expropriation suit instituted by the State of Louisiana, through the Department of Highways, against Country Club Acres, Inc. It was consolidated for trial with two other similar cases which we are deciding on this date. See State of Louisiana, through Department of Highways v. Turpin, La.App., 348 So.2d 135, and State of Louisiana, through Department of Highways v. Natchitoches Country Club, La.App., 348 So.2d 141.
In this suit plaintiff has expropriated .668 acres out of a 6.620-acre parent tract owned by defendant, leaving a remainder of 5.932 acres. It deposited $2,997.00 in the Registry of the Court as its estimate of the value of the property taken. Defendant answered, demanding that it be awarded additional sums.
The trial judge concluded that defendant was entitled to recover the following amounts:
Value of the property taken $ 3,500.00
Cost of new road 2,855.00
Cost of survey 300.00
Severance damage to Lot 6 225.00
Severance damage to Lot 7 500.00
Severance damage to Lot 8 500.00
Loss of additional property by the building of a new street 1,884.00
TOTAL $ 9,764.00
Judgment was rendered by the trial court in favor of defendant awarding it $9,764.00, less a credit for the amount deposited by plaintiff. The Department of Highways appealed. On this appeal, plaintiff does not contest the amount of the award made for the value of the property taken, but it contends that all other awards made by the trial court should be eliminated or reduced.
The parent tract owned by defendant, comprising 6.620 acres of land, was located about three-fourths of a mile west of the corporate limits of the City of Natchitoches, and at least one-fourth of a mile north of Louisiana Highway No. 1. That tract was subdivided into 12 lots prior to the taking, and the subdivision so formed constituted all of the property which was included in an oval shaped enclosure or loop formed by a gravelled street or road known as Chinqua-pin Drive. A similar gravelled road connected the south part of that loop with Louisiana Highway No. 1. All of the lots in the above subdivision fronted on Chinqua-pin Drive, and there thus was direct access from all lots in that subdivision to or from the above highway.
Lots 6 and 7 were the northernmost lots in the above subdivision, and they were the largest of the 12 lots in it. Lot 8 was located south of and adjacent to Lot 7. By this proceeding, plaintiff took parts of Lots 6, 7 and 8. It also took a part of Chinqua-pin Drive, the portion taken being the north elbow or section of the loop which encircled the entire subdivision.
The property taken was to be used for the construction of a new concrete highway, State Route 3110, forming a by-pass around the City of Natchitoches. The construction of that highway was completed before this case was tried, and the evidence shows that it is a two-lane, concrete highway, with wide asphalt shoulders on each side of it. There are no restrictions on access to and from that thoroughfare. The Highway Department constructed ramps at the intersec *140 tions of its right of way with both the east and west prongs of Chinquapin Drive, so that motorists on that street could drive around the entire subdivision by travelling a small part of that distance on the new highway.
There were no improvements on Lots 6, 7 and 8 at the time of the taking. The subdivision involved here was created in 1963 and it was revised in 1968, but only one lot out of the entire subdivision has been sold, and that was Lot 1 in the extreme southern end of it. Utilities were provided for that lot, but they have not been provided for any of the other lots in the subdivision, although the evidence indicates that service can be provided for other lots in the subdivision if and when they are sold.
Two appraisers testified at the trial. H. Loren Willet, who appraised the property for the Highway Department, felt that no severance damages were sustained by defendant.
T. J. Stephens, who appraised the property for defendant, felt that the latter was entitled to recover severance and “cost to cure” damages, in addition to the value of the property taken. With reference to Lot 6, Stephens reasoned that since 7lh% of that lot had been taken, defendant was entitled to be compensated the value of the part taken, and in addition thereto he should be awarded 1lh% of the value of the lot, or $225.00, as severance damages because the size of Lot 6 had been diminished to that extent. The trial judge, accepting the opinion expressed by Stephens, awarded defendant $225.00 as severance damages to Lot 6. We conclude that such an award constitutes double compensation for the same loss, and that the trial judge erred in awarding the above amount as severance damages to that lot.
Substantially all of Lot 7 was taken, but a remainder of 3,571 square feet, or 0.08 of an acre, in the south part of it was left to defendant. Stephens felt that the small remaining part of that lot was useless, and that defendant should be awarded severance damages to that remainder in the amount of $496.37, that being the full value per square foot for the remainder of that lot. The trial judge awarded defendant $500.00 as severance damages to Lot 7.
The evidence shows that the small remainder of Lot 7 which was left to defendant was located adjacent to the remainder of Lot 8. Only a small part of Lot 8 was taken, and appraiser Willet felt that the small remainder of Lot 7 should be combined with the larger remainder of Lot 8 to make one large, usable and salable lot, “without any loss of unit value.” Willet pointed out that the combining of those two remainders into one would give the combined lot an area of 0.45 acres, which is larger than some of the undisturbed lots in that subdivision. The combined lot would have a substantial frontage on Chinquapin Drive and a frontage of more than 200 feet on the new highway. Willet believes that the square foot value of the combined lot would be equal to the square foot value of any other lot prior to the taking, and that there thus will be no severance damage to Lot 7. We agree with Willet that the small remainder of Lot 7 can be combined with the larger remainder of Lot 8, thus eliminating any severance damage to the former. In our opinion, the trial judge erred in awarding severance damages to the remainder of Lot 7.
Only 16.32% of Lot 8 was taken. Stephens felt that defendant was entitled to recover the full value of the part taken and that in addition thereto it should recover the same amount, or $489.60, representing 16.32% of the full value of the lot, as severance damages since the size of Lot 8 was reduced to that extent. The trial judge, obviously accepting Stephens’ opinion at least in substance, awarded defendant $500.00 as severance damages to Lot 8 we find that the award of $500.00 as severance damages to Lot 8 constitutes double compensation for the same loss, and that the trial court erred in awarding that amount as severance damages to Lot 8.
Stephens testified that as a result of the taking it would be necessary for defendant to construct another subdivision street im *141 mediately south of and adjacent to the new highway to connect the two prongs of Chin-quapin Drive. He explained that the new road or street was necessary so that Chin-quapin Drive would again make a complete loop around the subdivision. He estimated that it would cost $2,853.17 to construct the new street, and that 13,554 square feet of the remaining land, having a value of $1,884.00, would be required for it. He feels that defendant is entitled to be compensated those amounts as the “cost to cure” the damage it will sustain. The trial judge awarded defendants $2,855.00 as the cost of constructing a new subdivision street, and the additional sum of $1,884.00 as the value of the property needed for that street.
We disagree with Stephens that it will be necessary for defendant to construct a new subdivision street on its property. On the contrary, we agree with Willet that the construction of the new by-pass highway along the north boundary of the subdivision supplies the same access, convenience and service that another road or street running parallel and adjacent to it would provide. We find no merit to defendant’s argument that the new highway will not serve that purpose because the two accesses to that highway are “subject to being closed at any time and the allowance and existence of them was at the whim and pleasure of the Highway Department.” One answer to that argument, suggested by Willet, is that Chinquapin Drive also is a dedicated public thoroughfare and defendant’s use of that street may be at the whim of the Police Jury. Defendant thus is in substantially the same position now as it was before the taking, insofar as its use of the public road or street is concerned.
Our conclusion is that the construction of a new road or street in the subdivision is not necessary, and that the trial court erred in awarding defendant the cost of constructing such a road and the value of the property which would be required for it.
Since we have concluded that defendant will not have to incur the expense of constructing a new road, it is unnecessary for us to consider the legal question of whether “cost to cure” damages would be appropriate in this instance, even if a new subdivision road should be needed.
Finally, Stephens reported that “after the new street is built” it will be necessary for defendant to have its remaining lots resurveyed in order to rearrange the lot structure to conform to that street. He estimated that the cost of such a survey would be $300.00. The trial judge, accepting that testimony, awarded defendant $300.00 to cover the cost of such a survey. We have concluded that it will not be necessary for a new street to be constructed in the subdivision. Defendant thus is not entitled to the cost of making such a survey.
Our ultimate conclusion is that defendant is entitled to an award of $3,500.00 for the value of the property taken, but that it is not entitled to recover the severance and other damages awarded by the trial court.
For the reasons assigned, the judgment appealed from is amended by reducing the amount of the award made to defendant, Country Club Acres, Inc., from $9,764.00 to the sum of $3,500.00, with legal interest thereon from July 29,1971, until paid, less a credit of $2,997.00 paid on July 29,1971. In all other respects the judgment rendered by the trial court is affirmed. The costs of this appeal are assessed to defendant-appel-lee.
AMENDED AND AFFIRMED.