HOOD, Judge.
This is a highway expropriation suit instituted by the State of Louisiana, through the Department of Highways, against the Natchitoches Country Club. It was consolidated for trial with two other cases which we are deciding on this date. See State of Louisiana, through Department of Highways v. Turpin, La.App., 348 So.2d 135, and State of Louisiana, through the Department of Highways v. Country Club Acres, Inc., La.App., 348 So.2d 138.
In this proceeding the Highway Department expropriated 2.098 acres, out of a 45.648-acre parent tract owned by defendant, for use in constructing a by-pass highway around the City of Natchitoches. The sum of $1,349.00 was deposited by plaintiff as its estimate of the value of the property taken. Defendant answered, alleging that the property taken “has a fair market value of $2,312.82,” that it has sustained severance damages in the amount of $780.00, and that defendant thus is entitled to an award in the total sum of $3,092.82.
The trial court rendered judgment awarding defendant $2,908.00, which included an award of $2,098.00 for the land taken and $810.00 for the fences on that land. He rejected defendant’s demand for severance damages. Plaintiff appealed.
The sole issue presented is whether the trial court erred in awarding the sum of $2,098.00 as the value of the property taken.
H. Loren Willet, an appraiser who testified for plaintiff, felt that the property taken had a value of $589.00 per acre, or a total value of $1,236.00, that the fences taken had a value of $211.00, and that defendant was entitled to be compensated the total sum of $1,447.00.
T. J. Stephens, who appraised the property for the defendant landowner, concluded that the land taken had a value of $716.31 per acre, or a total value of $1,502.82, that the fences taken were worth $810.00, and that defendant had sustained severance damages in the amount of $780.00 as a result of the taking. In his opinion, defendant was entitled to be compensated the aggregate sum of $3,092.82.
The trial court, apparently rejecting the opinions expressed by both experts, concluded that the land taken had a value of $1,000.00 per acre, or a total value of *143 $2,098.00. He accepted Stephens’ opinion that the fences taken were worth $810.00, and he accepted Willet’s testimony that defendant sustained no severance damages as a result of the expropriation. He thereupon rendered judgment awarding defendant the aggregate sum of $2,908.00. The only reasons assigned by him for arriving at those figures were, “The court feels that this property is worth $1,000.00 per acre and awards $2,098.00 for the property taken and $810.00 for fencing taken, but denies any severance damages.” .
Our review of the record shows that Wil-let and Stephens were the only witnesses who testified at the trial or who submitted reports as to the value of the property taken. We find no documents or evidence of any kind in the record which tend to show that the property taken had a higher value than that expressed by defendant’s expert.
Defendant takes the position that the opinion expressed by each of the two experts who testified serves merely as a “guideline for the court to look to,” and that their testimony is “not binding on the court.” It argues that the facts presented with reference to the location and to the highest and best use of the land taken, “as well as the knowledge of the trial court of the value of land in the Natchitoches area,” are sufficient to support an award of $1,000.00 per acre for the land taken.
We agree with defendant that an opinion as to value expressed by an expert who testifies at a trial ordinarily is not binding on the court. We have reviewed the facts of this case carefully, however, and we fail to find any evidence which tends to show that the property taken is worth more than the amount alleged by defendant in its answer, or more than the highest value which was placed on it by any expert, and particularly by the appraiser who testified in behalf of defendant. We find no merit to defendant’s argument that the “knowledge of the trial court” as to the value of land in that area should govern, despite the fact that all of the evidence produced at the trial, including the opinions of expert appraisers, establishes that the property is worth substantially less than the amount at which the trial judge appraises it.
The highest value placed on the subject property by any expert who testified at the trial is $716.31 per acre, or a total value of $1,502.82 for all of the land taken. We conclude that the trial judge erred in awarding defendant $1,000.00 per acre, or the total sum of $2,098.00, for the land expropriated. We will affirm the award of the additional sum of $810.00 for the fences taken. In our opinion, the maximum award which could be made under the evidence presented here, as the value of the land and fences taken, is $2,312.82.
No one questions that part of the district court judgment which rejects defendant’s demand for severance damages. It is unnecessary, therefore, for us to consider defendant’s original claim for such damages.
For the reasons herein set out, the judgment appealed from is amended by reducing the award made to defendant, Natchi-toches Country Club, from $2,908.00 to the sum of $2,312.82, with legal interest thereon from October 6, 1971, until paid, less a credit of $1,349.00 paid on October 6, 1971. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellee.
AMENDED AND AFFIRMED.